Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL III**

| | | |
|---|---|---|
| NATALIA GAUTIER COLÓN<br><br>Peticionaria<br><br>v.<br><br>JOSÉ M. TRINIDAD DÍAZ<br><br>Recurrida | KLAN202500005 | *Apelación acogida como certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2021RF00232 (SALA 302 RELACIONES DE FAMILIA Y MENORES)<br><br>Sobre: CUSTODIA |

Panel integrado por su presidente, el Juez Figuera Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de febrero de 2025.

El 2 de enero de 2025, la señora Natalia Gautier Colón, en adelante la peticionaria o Gautier Colón, presentó el recurso de apelación que nos ocupa. En este nos pide que revoquemos una orden del Tribunal de Primera Instancia, en un pleito de custodia, que le ordenó que, en un término no mayor de 20 días, especificar los fundamentos para impugnar el Informe Social. Además, le ordenó anunciar el perito que utilizaría y acompañar su *curriculm vitae*.

El recurso debió haberse presentado como un certiorari, ya que trata de un trámite interlocutorio de manejo de caso, por lo que acogemos el mismo como tal, sin modificar su designación alfanumérica.

**I.**

Ahora bien, en su escrito, la peticionaria nos pide que ordenemos al foro recurrido que, en diez (10) días, celebre la primera vista de impugnación de Informe Social Forense. Sostiene que este

Tribunal debe intervenir para revocar al foro primario, a la luz de los siguientes errores alegamente cometidos:

(a) INCURRIÓ EN ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA ORDEN SIMILAR A LA ORDEN EMITIDA EL 7 DE NOVIEMBRE DE 2024 (VER ANEJO 3) EN APELACION (KLAN2O24O1095).

(b) INCURRIÓ EN ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO PAUTAR FECHA PARA CELEBRAR LA PRIMERA VISTA PARA IMPUGNAR EL INFORME SOCIAL FORENSE.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016).

Aunque el certiorari se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta regla dispone que el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o

resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta establece la pertinencia de los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De otra parte, el recurso de certiorari se formalizará mediante la presentación de una solicitud dentro de los términos y en la forma provista por la Ley de la Judicatura del Estado Libre Asociado de

Puerto Rico de 2003[1] y el Reglamento del Tribunal de Apelaciones.

4 LPRA Ap. XXII-B, R. 31.

El escrito de certiorari contendrá:

...

(C) Cuerpo

...

(c) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(d) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

...

4 LPRA Ap. XXII-B, R. 34 (c)(1)(e) y (f).

**III.**

Aunque como foro apelativo no estamos técnicamente obligados a considerar señalamientos de error no discutidos en los recursos, cuando un error es patente y con ello se evita un resultado injusto podemos hacer una excepción a la norma general considerando que el foro judicial se guía por principios de justicia aunque ello no esté perfectamente solicitado. *Hons. Castro v. Depto. de Justicia*, 153 DPR 302, 312-313 (2001); *Hernández v. Espinosa*, 145 DPR 248, 264 (1998).

No obstante, a la luz de los hechos de este caso, no consideramos que estemos ante un error patente que provoque nuestra revisión ante la ausencia de una discusión de los errores señalados, fundamentados en la ley o jurisprudencia aplicable. Puntualizamos que atendemos una determinación sobre manejo de caso. De ordinario, este Tribunal no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o

---

[1] 4 LPRA sec. 2 et seq.

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**IV.**

En ausencia de los criterios antes reseñados, nos abstenemos de intervenir con la discreción del foro recurrido, por lo cual denegamos el recurso presentado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones